# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**                                        **CAUSE NO. 3:21-CR-115-CWR-FKB**

**JONATHAN NICKEY**                                        **DEFENDANT**

## ORDER

Defendant Jonathan Nickey has filed a motion seeking to recuse the U.S. Attorney's Office from his case. Docket No. 23. On review, the motion will be granted.

**I.  Factual and Procedural History**

In 2004, Jonathan Nickey was convicted in this Court of an offense that required him to register as a sex offender. *See United States v. Nickey*, No. 4:04-CR-30-TSL (S.D. Miss. 2004). His attorney throughout the proceedings was Kevin J. Payne.

In 2021, a federal grand jury in this District returned an indictment against Nickey for failure to register as a sex offender. *See* Docket No. 3. Although the case is being prosecuted by Assistant U.S. Attorney Glenda R. Haynes, she has a colleague in the Office named Kevin J. Payne—the same Payne who represented Nickey in 2004.[1]

Nickey's present counsel now argues that AUSA Payne's presence within the U.S. Attorney's Office requires the Office to recuse itself from further prosecution of Nickey's case. "AUSA Payne was privy to confidential information about Jonathan Nickey and his family," his motion states. Docket No. 23 at 1.

---

[1] "Payne's employment as an AUSA began in March 2021. Before that, from March 2013 to March 2021, Payne worked as a Tribal Prosecutor, first for the Choctaw Attorney General's Office and then for the Attorney General's Office of the Mississippi Band of Choctaw Indians. And from August 2004 until September 12, 2007, Payne worked as a Staff Attorney with Choctaw Legal Defense." *United States v. Anderson*, No. 3:21-CR-62-DPJ-LGI, 2022 WL 99985, at *1 (S.D. Miss. Jan. 10, 2022).

The U.S. Attorney's Office concedes that Payne represented Nickey "personally and substantially" in 2004, but ultimately disagrees that recusal is required.

The parties fleshed out their arguments at a hearing on April 25, 2022. They then submitted supplemental filings advancing their respective positions. *See* Docket Nos. 30-31. This ruling follows.

**II.      Legal Standard**

All agree that the Mississippi Rules of Professional Conduct govern this situation. *See* 28 U.S.C. § 530B(a). Mississippi Rule of Professional Conduct 1.9 reads, in its entirety,

> A lawyer who has formerly represented a client in a matter shall not thereafter:
> (a) represent another in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

Miss. R. Prof. Cond. 1.9. This Rule applies to AUSA Payne. It means that he cannot represent the U.S. Attorney's Office against Nickey "in the same or a substantially related matter," unless Nickey consents.

Of course, AUSA Payne is not attempting to represent the U.S. Attorney's Office in this case. This is where Rule 1.10 enters the picture.

Mississippi Rule of Professional Conduct 1.10 governs imputed disqualification. Part of the Rule provides the following: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.4." Miss. R. Prof. Cond. 1.10(a). This Rule applies to the U.S. Attorney's Office. It means the Office cannot represent the interests of the United States where an AUSA, if practicing alone, would be prohibited from doing so by Rule 1.9.

2

The parties also do not dispute the applicable legal standard.

> In this circuit, a party seeking to disqualify opposing counsel under Rule 1.9 must establish two elements: (1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and (2) a substantial relationship between the subject matter of the former and present representations. If both elements are established, then an irrebuttable presumption arises that the attorney obtained confidential information while employed by the firm that represented the party moving for disqualification. A second irrebuttable presumption is that confidences obtained by an individual lawyer will be shared with the other members of his firm.

*Hybrid Kinetic Auto. Holdings, Inc. v. Hybrid Kinetic Auto. Corp.*, 643 F. Supp. 2d 819, 824–25 (N.D. Miss. 2009) (quotation marks and citations omitted).

### III.  Discussion

In this case, the two-part legal standard for disqualification is readily satisfied.

First, there is no dispute that an actual attorney-client relationship existed between Nickey and Payne. No other counsel appeared on Nickey's behalf during his 2004 case. That fact—exclusive representation—distinguishes our case from the one the U.S. Attorney's Office advances, in which the AUSA was found to have merely represented the movant at an arraignment, during which he did not speak with the movant about any substantive details of the case. *See United States v. Anderson*, No. 3:21-CR-62-DPJ-LGI, 2022 WL 99985, at *1 (S.D. Miss. Jan. 10, 2022).

It also is apparent that the 2004 case is substantially related to this matter. Sex offenses are not identical to failure-to-register offenses, to be sure, but they are substantially related. One arises out of the other. One sign of their close relationship in this case is that Nickey's present counsel has been prevented from exploring possible meritorious defenses, including whether Payne ever told Nickey during the course of the prior representation that he was under a legal

3

obligation to register as a sex offender, how long he was under any such obligation, and whether one could be excused for not registering.

To this, the U.S. Attorney's Office argues that AUSA Payne has taken no part in this case. That may be true—and it is appropriate—but it is insufficient to overcome the irrebuttable presumption that Payne acquired confidential information about Nickey during the prior representation that could be shared with other AUSAs. Noticeably absent from this case, in particular, is AUSA's Payne's testimony "that he was aware of no confidential information relating to the instant case." *United States v. Bolton*, 905 F.2d 319, 322 (10th Cir. 1990).

The U.S. Attorney's Office then argues that Mississippi Rule of Professional Conduct 1.11 saves its involvement in this case. That Rule provides, in relevant part, that "a lawyer serving as a public officer or employee shall not: (1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is . . . authorized to act in the lawyer's stead in the matter." Miss. R. Prof. Conf. 1.11(c). The crux of its argument is that because Payne has been "walled off," so to speak, the entire Office should not be disqualified.

The Mississippi Supreme Court has spoken on this Rule specifically in the situation, like ours, where a public defender joins a prosecutor's office. *See Ousley v. State*, 984 So. 2d 985, 987 (Miss. 2008). In such circumstances, the government has the "heavy burden" to prove "that the former public defender: (1) had absolutely no participation in the case; (2) divulged no confidential information; and (3) notified the other party promptly upon becoming aware of the conflict of interest." *Id.* at 988 (quotation marks and citation omitted).

The Court has carefully reviewed the record, especially the parties' supplemental filings. It credits the government's evidence that AUSA Payne has had no participation in the current

prosecution of Nickey. *See* Docket No. 30-1. What's missing, however, is evidence on elements two and three of the applicable standard. AUSA Payne has not submitted an affidavit or declaration that he "divulged no confidential information," and it is undisputed that no notification of the conflict of interest was given.

Under the Mississippi Supreme Court's articulated standard, therefore, the better course of action is for another U.S. Attorney's Office to carry out this prosecution. The designation of which U.S. Attorney's Office to inherit the case will be made by the Executive Office for United States Attorneys. *See Justice Manual* § 3-1.140.

### IV.    Conclusion

The motion is granted.

**SO ORDERED**, this the 3rd day of May, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
